FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 21 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

D. L. HUGHLEY         :

    Plaintiff    :

v.                    :   Civil Action No. RWT 10-1197

ZANZIBAR ON THE WATERFRONT, LLC  :

    Defendant    :

---

D. L. HUGHLEY         :

    Plaintiff    :

v.                    :   Civil Action No. AW 10-1235

ZANZIBAR ON THE WATERFRONT, LLC  :

    Defendant    :

## MEMORANDUM OPINION

On March 29, 2010, the Plaintiff, D. L. Hughley, filed a complaint against the Defendant, Zanzibar on the Waterfront, LLC, in the Circuit Court for Prince George's County. A summons was issued by the Clerk of that court on April 5, 2010, and the Defendant was served on April 15, 2010. On May 13, 2010, the Defendant filed a Notice of Removal in this Court in Civil Action No. RWT 10-1197 ("Zanzibar I") [Paper No. 1]. A Notice of the removal to this Court was filed in the Circuit Court for Prince George's County on the same day. On the next day, counsel for the Plaintiff, Jimmy A. Bell, Esquire, upon learning that counsel for Zanzibar, Donald Melvin Temple, Esquire, was not a member of the Maryland Bar,[1] contacted him and

---

[1] Mr. Temple has been a member of the bar of this Court since 1991.

informed him that he was filing an Opposition to and a Motion to Strike his removal because "Mr. Temple had engaged in the unauthorized practice of law by filing his removal with the Circuit Court and had committed fraud on the U.S. District Court of Maryland by filing a removal notice with the U.S. District Court certifying and implying that the Amended Removal Notice that he filed with the Circuit Court was legitimate." Mot. To Oppose & Strike Def.'s Notice of Removal & Hr'g Request 3 [Paper No. 6]. Apparently in response to the "righteous indignation" expressed by counsel for the Plaintiff, Mr. Temple filed in Zanzibar I a Notice to Withdraw Notice of Removal [Paper No. 7] and, on the same date, filed another Notice of Removal with this Court that was docketed as Civil Action No. AW 10-1235 ("Zanzibar II"). An Amended Notice of Removal was filed in the Circuit Court for Prince George's County on May 19.

The Plaintiff has now filed in Zanzibar I a Motion to Remand to State Court [Paper No. 8]. In his motion, he contends that due to the withdrawal of the Notice of Removal, this Court no longer has jurisdiction over this case and, since "more than thirty days have passed since the Defendant was personally served on April 14, 2010," "no new removal notice can be filed by the Defendant in this matter as the time to legally file a removal action has expired." Pl.'s Mot. To Remand 2.

With the 20/20 vision of hindsight, it is relatively clear that this is a case of "much ado about nothing" and, in the final analysis, the action filed by the Plaintiff in the Circuit Court for Prince George's County has effectively been removed to this Court, whether in Zanzibar I or II. The procedure for removal of an action pending in a state court to a federal court is set forth in 28 U.S.C. § 1446(a). The removal of an action is effectuated by filing "in the district court of the

2

United States for the district and division within such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."

The two Notices of Removal filed in this Court were both filed by a member of the Bar of this Court and properly invoked the jurisdiction of this Court without further action by any state court. Subsection (d) of § 1446 provides that a defendant or a defendant's removing a case "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." The notice filed in a state court is merely a notice of action that has been taken in a federal court that ousts the state court of jurisdiction, and it is an action that a removing party is <u>required</u> to take under § 1446. Mr. Temple properly did so in Zanzibar I and the same was done by William Carroll Johnson, Jr., counsel for Zanzibar in Zanzibar II. Mr. Temple did not engage in a "fraud on this Court," but rather properly invoked its removal jurisdiction by the filing of a Notice of Removal. His filing of a notice in the state court was simply a notification to that court that it no longer has jurisdiction over this matter, and did not involve the "unauthorized practice of law," but rather compliance with the requirements of federal law

Moreover, even if the Notice of Removal filed in connection with Zanzibar I was ineffective, the Notice in Zanzibar II was also effective and, contrary to the assertion by Plaintiff's counsel, was not untimely. According to the docket of the Circuit Court for Prince George's County, a copy of which is attached to this Memorandum Opinion, the return of the process server indicated that the Defendant had been served on April 15, 2010. The Notice of Removal in Zanzibar I clearly was timely, having been filed in this Court on May 13, 2010. However, even if the earlier Notice of Removal had been ineffective, the Notice of Removal filed in this Court in Zanzibar II on May 17 was also timely. Under the provisions of

3

28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Service of the Defendant took place on April 15, 2010, and thirty days later would be Saturday, May 15, 2010. However, where the deadline falls on a Saturday or Sunday, the time for filing is extended to the next business day of the Court, or May 17, 2010, the date on which the Notice in Zanzibar II was filed. See Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time: . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Therefore, whether viewed from the prism of the Notice of Removal in Zanzibar I or Zanzibar II, both notices were properly filed in this Court by members of the Bar of this Court as required, and both Notices were filed within the time period set forth in § 1446(b). Accordingly, the Court, will on its own motion, consolidate Zanzibar I and Zanzibar II, direct that all future pleadings be filed in Zanzibar I, and will deny the Motion to Remand this matter to state court. A separate Order follows.

May 21, 2010
Date

Roger W. Titus
United States District Judge

4